Jeremy M. Dobbins, Esq. (SBN 320648)
**Law Office of Jeremy M. Dobbins**
1225 E. Divisadero, Third Floor
Fresno, California 93721
Telephone No.: (559) 306-6580
Facsimile No.: (559) 316-4070
Email: jeremy@jeremydobbins.com

Attorney for Plaintiff LETICIA QUINTANA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA QUINTANA,<br><br>Plaintiff,<br><br>v.<br><br>ADVENTIST HEALTH HANFORD, and DOES 1 to 50, inclusive,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.   VIOLATION OF 42 U.S.C. §1395dd [Emergency Medical Treatment and Active Labor Act – EMTALA]<br>2.   CORPORATE HOSPITAL NEGLIGENCE [*Negligence Per Se*]<br><br><u>TRIAL BY JURY DEMANDED</u> |

**TO THE HONORABLE COURT:**

      **COMES NOW** Plaintiff, LETICIA QUINTANA, by and through her attorney, alleges as follows:

**PARTIES**

1.    Plaintiff, LETICIA QUINTANA (herein "Plaintiff"), is a natural person and is a resident of Hanford, California. Plaintiff who attempted to be treated by Defendant as per the evidence in this complaint by ADVENTIST HEALTH (herein "Adventist" or "Defendant"), in Hanford, California. Plaintiff sought such treatment on September 7, 2024, for severe injuries.

2.    Defendant, ADVENTIST, is, and at all relevant times herein was, a not-for-profit corporation authorized to do and doing business in the State of California.

3.    DOE Defendants 1 to 25, who plaintiff being currently ignorant to their identity(ies), were the agents or employees of other named defendants and acted within the scope of that agency or

employment.

4. DOE Defendants 26 to 50, who plaintiff being currently ignorant to their identity(ies), are persons whose capacities are unknown to plaintiff.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over Plaintiff's first claim under 28 U.S.C. §1331, as it arises under federal law. The Court has supplemental jurisdiction over Plaintiff's second claim, which is based on state law, under 28 U.S.C. §1367.

6. Venue is proper under 28 U.S.C. §1391(b)(2), in that a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

7. On September 7, 2024, Leticia Quintana was the victim of a physical beating on her person at the Square 8's by an unknown individual. A call came into 911 Emergency Medical Services (Herein "EMS"), and an ambulance was dispatched to the Suare 8's Hall to aid Leticia.

8. Upon arrival the Paramedics found Leticia on the ground laying supine surrounded by Hanford Police. EMS identified several hematomas to her left forehead, and a laceration to her left temple. Leticia was unable to communicate, and it was determined that she had experienced a loss of consciousness. EMS personnel found that she had a Glascow Coma Scale (GCS) of 14 and confused upon arrival.

9. Her GCS score of 14, specifically noted that her verbal response was Confused. The Emergency Medical Services (EMS) report indicated that Leticia "Cries but is consolable, inappropriate interactions." Leticia's GCS was checked at 10:50 p.m. and again at 11:06 p.m. with the same result both times.

10. At approximately 11:09 p.m. EMS arrived with Leticia to the Adventist Health Emergency Department in Hanford, CA and a report of what had occurred was given to the Emergency Department Staff who accepted responsibility of Ms. Quintana as a patient.

11. Ms. Quintana was found by the Triage Nurse to have an Acuity of Very Urgent. Her visit reason was documented as a Closed Head Injury with LOC (Loss of Consciousness); Assault; Head Pain due to injury. A medical screening exam request was entered into the medical record,

and the nursing Triage was completed at 11:28pm. No Medical Screening Exam was ever completed.

12. Leticia was placed in the waiting room. Disoriented as documented by EMS and the Triage Nurse, Leticia, unsupervised, wandered out of the Emergency Department. The Emergency Department documented that Leticia left without being seen before MSE at approximately 11:38 p.m.

13. Minutes after leaving the hospital she was struck by a vehicle while crossing the road at approximately 11:51p.m.

14. Leticia was already terribly injured when she arrived at the Emergency Department. After the hospital failed to screen, treat, or admit/transfer her to a higher level of care she was catastrophically injured causing her to acquire a subarachnoid hemorrhage traumatic brain injury.

15. Leticia was intubated and placed on a ventilator for approximately 9 days. She was hospitalized from September 8, 2024, to September 27, 2024. After her head injury she has had problems with speech, communication, and memory. She had other injuries to her body such as pneumonia while in the hospital, laceration and scarring to her head, multiple rib fractures, she will need right shoulder surgery, and rehabilitation.

16. Leticia also suffers emotionally with constant fear, nervousness, and anxiety since the Incident.

### CAUSES OF ACTION
### FIRST CAUSE OF ACTION
VIOLATION OF 42 U.S.C. §1395dd
[Emergency Medical Treatment and Active Labor Act – EMTALA]
(Quintana v. Adventist)

17. Plaintiff incorporates by reference each and every allegation contained in paragraphs (1) through (16) hereof as if fully set forth herein.

18. EMTALA, 42 U.S.C. §1395dd, provides that any individual that presents to a hospital's emergency department must be properly screened, stabilized, and treated.

19. Decedent was an "individual" as defined in 42 U.S.C. §1395dd(a).

20. Defendant is a "hospital that has a hospital emergency department" as defined in 42 U.S.C. §1395dd(a).

21. Defendant failed to provide an appropriate screening exam to the Plaintiff within the capability of the hospital's emergency department.

22. Defendant therefore never determined if Plaintiff was suffering from an "emergency medical condition" or required admission or transfer to a higher level of care, as defined in 42 U.S.C. §1395dd(b).

23. Defendant's actions against Plaintiff constitute a violation of EMTALA in that Defendant failed to provide an adequate screening exam or provide appropriate emergency medical treatment to stabilize her condition.

24. Defendant violated EMTALA when they failed to properly screen and stabilize Plaintiff.

25. Defendants acted with malice and oppressive behavior when they recklessly placed the Plaintiff in the general lobby after accepting custody of the Defendant from Paramedics who provided a report of a severe head injury after assault and battery and alcohol intoxication.

26. As a result of Defendant's EMTALA violation, Plaintiff left Defendant's hospital with a severe head injury, intoxicated, and in a confused state. Plaintiff unknowingly walked into the street and was struck by a motor vehicle receiving even more severe injuries.

27. Plaintiff is entitled to general damages, special damages, prejudgment and post judgment interest, as well as an award of punitive damages. Furthermore, the Defendant is liable for civil penalties pursuant to 42 U.S.C. §1395dd(d)(1)(A).

**SECOND CAUSE OF ACTION**
CORPORATE HOSPITAL NEGLIGENCE
[*Negligence Per Se*]
(Quintana v. Adventist)

28. Plaintiff incorporates by reference each and every allegation contained in paragraphs (1) through (27) hereof as if fully set forth herein.

29. Defendant owed a duty of reasonable care to Plaintiff.

30. Defendant had an affirmative duty to ensure the quality of care rendered by the hospital and its physicians met the applicable standards of Emergency Department care for physicians, hospitals, nursing staff, ancillary staff, and their peers. Defendant had a duty to evaluate the quality of medical treatment, or the lack thereof, rendered on its premises, and duty to ensure the competency of its medical and nursing staff. Furthermore, hospitals have a general duty to

protect their patients, provide a safe environment in which diagnosis, treatment, and recovery can be carried out, operate in the best interest of the public health, adopt bylaws to prepare and maintain accurate records, and to achieve and maintain high standards or professional ethical practice.

31. Defendant has Failed to adequately staff the hospital with qualified medical personnel, resulting in delayed or inadequate treatment by physicians.

32. Defendant failed to implement and maintain proper safety protocols and procedures, leading to the catastrophic injury of Plaintiff Leticia Quintana.

33. Defendant failed to properly monitor Plaintiff's condition, resulting in a missed opportunity to intervene and prevent further injury.

34. Defendant failed to adequately train staff on proper patient advocacy and physician relations, leading to the injury of Plaintiff.

35. Defendants breach of duty has caused them to be negligent as a corporation and allowed reckless behavior by physicians and staff, particularly the physician and nursing staff that was charged with upholding the many duties herein to patients and their families, specifically Plaintiff.

36. Furthermore, Defendant was a direct and proximate cause of the Plaintiff's damages including numerous physical and mental injuries.

37. Defendant Hospital further breached the applicable standard of care, with which they were duty-bound to comply, causing injuries as a result of the following: Defendant Hospital failed to provide adequate medical screening to ensure Plaintiff did not incur damages and experience the consequences of a head injury and multiple physical and mental injuries.

38. Defendant Hospital and staff are directly and vicariously responsible for not properly overseeing and discovering Defendant and its staff, and physician's negligence, and for directly providing delayed, inadequate, and even non-existent nursing and medical care.

39. Plaintiff is entitled to general and special damages and because of the highly reckless nature of the breach of duty, complete lack of supervision, omission of action as to the reckless acts of Defendant, staff, and physicians, to an order of punitive damages.

40. Furthermore, Defendant is *Negligent Per Se* due to violations of EMTALA, which requires staff to be adequately trained to ensure a Medical Screening Exam is provided.

41. EMTALA was designed, in part, to stabilize a patient within its capability or transfer to an appropriate higher level of care to provide such stabilization. The only appropriate defendant

in an EMTALA claim is a hospital. Such was the case with the Decedent. Therefore, Defendant's violation of EMTALA makes Defendant *Negligent Per Se*.

42. As a direct, legal, and proximate cause of Defendant's failure to train properly screen and supervise the plaintiff, who had a head injury, the Plaintiff was irreparably harmed.

43. As a result of Defendant's negligence, Decedent suffered actual damages, including death.

44. Plaintiff is entitled to special and general damages according to proof at trial.

45. Plaintiff is entitled to civil penalties according to proof at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, LETICIA QUINTANA, prays for a judgment against Defendant, ADVENTIST HEALTH, as follows and as permitted as to each cause of action:

**AS TO THE FIRST CAUSE OF ACTION** (Violation of EMTALA)

1. For civil penalties pursuant to 42 U.S.C. §1395dd(d)(1)(A);
2. For general damages pursuant to California's general personal injury law, not subject to any damage caps such as those under the California Medical Injury Compensation Reform Act, according to proof at trial;
3. For special damages pursuant to California's general personal injury law according to proof at trial;
4. For an award of punitive and exemplary damages;
5. For such other relief as the Court deems just and proper.

**AS TO THE SECOND CAUSE OF ACTION** (Corporate Hospital Negligence)

1. For special and general damages according to proof at trial;
2. For an award of punitive and exemplary damages;
3. For such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, LETICIA QUINTANA, hereby demands a trial by jury on all issues so triable.

Dated: November 24, 2025.   **LAW OFFICE OF JEREMY M. DOBBINS**

_____
Jeremy M. Dobbins, Esq.
Attorney for Plaintiff,
LETICIA QUINTANA